**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4430**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS GASTELUM SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:14-cr-00027-RBH-1)

Submitted: April 24, 2018                                    Decided: May 7, 2018

Before NIEMEYER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Gastelum Sanchez appeals the conviction and 120-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (C), 846 (2012). Counsel for Sanchez has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for review, but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Sanchez's guilty plea, and whether the court properly denied Sanchez's motion for a downward departure or variance. Although informed of his right to do so, Sanchez has not filed a pro se supplemental brief. The Government elected not to file a brief. Finding no reversible error, we affirm.[*]

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed.

---

[*] Although Sanchez's plea agreement contained an appellate waiver, the Government has not sought to enforce it in this case. Thus, we have reviewed the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007) ("If an *Anders* brief is filed, the government is free to file a responsive brief raising the waiver issue . . . or do nothing, allowing this court to perform the required *Anders* review.").

R. Crim. P. 11(b)(2), (3). Because Sanchez did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 341–42 (4th Cir. 2009). Based on our review of the Rule 11 hearing, we conclude that Sanchez's plea was knowing, voluntary, and supported by an independent basis in fact, and that the district court therefore committed no error in accepting Sanchez's valid guilty plea.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). Here, Sanchez questions only the denial of his motion for a departure or variance sentence. However, we agree with the district court's determination that Sanchez failed to demonstrate his entitlement to any sentence below the 10-year statutory minimum sentence applicable to his offense of conviction. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

3

*AFFIRMED*